08-6088-cr
USA v. Morton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present:  RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          MARK R. KRAVITZ,
                    *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          - v. -                              (08-6088-cr)

RASHEEM WASHINGTON,
                    *Defendant*
JAMES MORTON,
                    *Defendant-Appellant.*

_____


Appearing for Appellant:    COLLEEN P. CASSIDY, *of counsel*,
                            Federal Defenders of New York,
                            New York, New York

---

[*]   The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

Appearing for Appellee:      JENNIFER EILEEN BURNS, Assistant
                             United States Attorneys Office
                             for the Southern District of New
                             York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Defendant, James Morton, appeals from a judgment entered on December 12, 2008 in the United States District Court for the Southern District of New York (Sullivan, *J.*) revoking Defendant's term of supervised release and sentencing him to 24 months' imprisonment.  We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendant was on supervised release pursuant to a sentence from June 10, 2005, following his conviction on one count of possession of crack-cocaine with intent to distribute in violation of 28 U.S.C. §§ 841(a)(1) and (b)(1)(C)).  On April 10, 2008, Defendant was released from custody and began his term of supervised release.  On May 3, 2008, Defendant was again arrested and charged with criminal sale of a controlled substance (to wit: crack cocaine).  On July 28, 2008, the Probation Office submitted a Request for

Court Action charging Defendant with violation of the terms of his supervised release based on his arrest. Following an evidentiary hearing on November 25 and December 9, 2008, the district court found that Defendant violated the terms of his release by selling crack cocaine.

Where a district court finds that a defendant has violated the terms of his or her supervised release, we review that court's factual findings for clear error and its ultimate conclusion that the terms of supervised release were violated for abuse of discretion. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006).

"Because revocation proceedings generally have not been considered criminal prosecutions, they have not been subject to the procedural safeguards, including the rights to trial by jury and to accusations proved beyond a reasonable doubt, associated with a criminal trial." *Id*. at 807. The district court was therefore only required to find that Defendant violated the terms of his supervised release by a preponderance of the evidence. It relied principally on the testimony of Detective Hernandez in that regard. Defendant argues that the district court erred in relying on the testimony of that single eyewitness. We find that argument unpersuasive.

The court found that Detective Hernandez had an unobstructed, well-lit view of the drug transaction from a distance of not more than fifty-feet, after which he kept the Defendant in his sight until he was apprehended by police only minutes later. The court found Detective Hernandez's testimony credible; we see nothing to suggest that conclusion was in error.

Because the testimony of Detective Hernandez was sufficient to support a finding by a preponderance of the evidence that Defendant engaged in the sale of crack cocaine, the district court did not err in revoking Defendant's supervised release. *See United States v. Frampton*, 382 F.3d 213, 222 (2d Cir. 2004).

The Court has reviewed Defendant's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

For the Court
Catherine O'Hagan Wolfe, Clerk